Fhost J.
delivered the opinion of the Court.
The testator devised the land in dispute to his “daughter, Elizabeth Caston, during the term of her natural life, and then to descend to her issue; and if she should die without any living issue, her share to return back to testator’s living heirs.”
The devise presents three immediate objects of the testator’s benefaction; first, his daughter; next, her issue; and then liis living heirs, in case she died without any living issue. If effect were given to the devise, in its popular sense, the daugter would take an estate for life; her issue, that is her children and grand children, (Brummet v. Baker, 2 Hill, 523,) would take an estate in fee, in remainder; 'and, if she left no such issue living, the land would revert to the living heirs of the testator, living at her death, as tenant- in common.
But in giving effect to devises, the Courts are guided by artificial rules of construction, which, to some extent, control the particular intention. Thus, under the devise to Elizabeth Caston, for life, and then to descend to her issue, the life estate and remainder are merged in an estate of inheritance in the *133 first taker, by the rule in Shelly’s case. Issue and heirs of the body, when construed as words of limitation, have the same meaning, (Adams v. Chaplin, 1 Hill, 267); and the terms of the devise would vest a fee conditional in Elizabeth Caston; Mazyck v. Vanderhost, Bail. Eq. R., 42. Deas v. Henry, 2 Hill Ch. R., 248. After a fee conditional, no remainder or executory devise can be limited; (same cases.)
While issue may be used as a word of limitation, it may also be used as a word of purchase; and in a will, such construction should be given which may best effect the intention of the testator. His intention may be collected from the contingency, on the occurrence of which a devise to one and his issue is limited over to another. If the limitation over is made to depend on the event of the first taker dying, without leaving issue, living at the time of his death; it is plain that the testator does not use the word in the sense which comprehends an indefinite lineal succession of heirs of the body; but the individuals then living, who answer the description of issue, that is, children and their descendants. When issue is used as a word of limitation, it expresses, the quantity of the estate, in its indefinite duration, and all the rights which are incident to the estate. If it be used, in that sense, in the creation of the precedent estate, a remainder would be limited only on a general failure of issue; or by other terms which would express the regular determination of the preceding estate. It is not to be supposed that the testator would give directly; and by the same instrument, indirectly, revoke the gift. The estate must be intended to be given for the use of those, on the failure of Avhom it is given to others. The same word cannot admit of distinct and inconsistent meanings in its application to the same subject. When, therefore, a devise is made to one for life, and then to descend to his issue; or after his death, to his issue; with a limitation over, in case the first taker dies, without leaving issue, living at the’time of his death; the word issue, used in the creation of the estate, must mean the same persons, on the failure of whom the devise over is to take effect; that is, children and their descendants.
*134 Such is the construction of the English Courts in giving effect to testamentary dispositions of terms for years. It may be admitted that by those decisions, issue, in this case, would be construed a word of limitation; and that Elizabeth Caston would take an estate tail; Wright v. Pearson, Ambl., 258; Fearn. Rem, 126. But such construction is made to favor, (not defeat) the intention, and to execute it most beneficially. It would be unreasonable to adopt the rule when the estate, which is created by its application, is unknown to our law; and the adoption of it would create a very different estate, and thwart the intention of the testator.
To hold that the issue of Elizabeth Caston take as purchasers, does not conflict with the decisions of our Courts. In Bedon v. Bedon, and Carr v. Porter, which are most like this case, the devises were to Stobo Bedon, and Wilson Wilson; and no more. Issue was not mentioned, except in the limitation over. The first devise, in both cases, vested a fee simple. The limitations over, were held to take effect as executory devises. In this case, Elizabeth Caston would take a fee conditional, if issue be taken as a word of limitation; and the remainders to her issue, and the living heirs of the devisor be defeated. If it could be held that Elizabeth Caston took a fee simple, the living heirs of the testator might take by executory devise; but the intention would be defeated, by vesting in her an estate in fee, instead of an estate for life; and by excluding the issue from the estate, which was, in direct terms, devised to them.
By giving effect to issue, as a word of purchase, Elizabeth Caston takes an estate for life, with remainder to her issue in fee. Adopting this construction, the Court is of opinion that Elizabeth Caston took an estate for life only.
Williams and his wife were not guardians of the estate of the plaintiffs, and could not effect their rights by any contract respecting the land. The defendant was not a tenant at will, that is, from year to year, but only occupied by the license of Williams and wife. With respect to the plaintiffs, the defendant is a mere trespasser; having entered on their land by *135 agreement with parties, between whom and the plaintiffs no privity of estate exists.
The motion is refused.
Richardson J., O’Neall J., and Evans J., concurred.
Wardlaw J.
In this case, the questions concerning- the construction of the devise to Elizabeth - Caston, have not been at all argued. I do not assent to some of the observations made about them, and doubt as to the conclusion.